FILED

NOT FOR PUBLICATION

DEC 23 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


LYDIA BULTEMEYER, on behalf of herself and all others similarly situated,

      Plaintiff-Appellant,

v.

CENTURYLINK INC.,

      Defendant-Appellee.

No.   17-15858

D.C. No. 2:14-cv-02530-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 18, 2019[**]
San Francisco, California

Before:  FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

    Linda Bultemeyer appeals the district court's judgment dismissing her Fair

Credit Reporting Act (FCRA) claim, 15 U.S.C. § 1681b(f), against CenturyLink,

Inc. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     The district court erred in concluding that Bultemeyer failed to allege a concrete injury sufficient to satisfy Article III's standing requirement. Section 1681b(f)(1) "protects the consumer's *substantive* privacy interest" by prohibiting third parties from "obtaining a credit report for a purpose not otherwise authorized." *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 490 (9th Cir. 2019). Because "every violation of § 1681b(f)(1) 'offends the interest that the statute protects,'" a plaintiff "has standing to vindicate her right to privacy under the FCRA when a third-party obtains her credit report without a purpose authorized by the statute, regardless whether the credit report is published or otherwise used by that third-party." *Id.* at 490, 493 (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983–84 (9th Cir. 2017)). Therefore, Bultemeyer's allegation that CenturyLink obtained her credit report without the required authorization is sufficient to confer Article III standing.

2.     We decline to exercise our discretion to grant summary judgment to either party in this case, as "[w]e have repeatedly declined to exercise such discretion . . . 'where . . . the final order in the case was a dismissal for lack of subject matter jurisdiction.'" *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 981 n.4 (9th Cir. 2007) (citation omitted).

**REVERSED AND REMANDED.**